## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ADRIANA CORNEJO, on behalf of herself and other similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | Judge |
| TITAN METALS, INC. | ) ) | Magistrate Judge |
| Defendant. | ) ) | |

### CLASS ACTION COMPLAINT

Plaintiff Adriana Cornejo, on behalf of herself and other similarly situated individuals through her attorneys, against Titan Metals, Inc. ("Titan Metals") states as follows:

### I.       NATURE OF THE CASE

1.       This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, IWPCA, 820 ILCS 115/1 *et seq.* (IWPCA), for Defendant's: (a) failure to pay overtime wages for all time worked in excess of (40) hours in individual work weeks in violation of the FLSA and IMWL, and (b) failure to pay Plaintiff all accrued vacation pay upon separation from employment in violation of the IWPCA.

### II.       JURISDICTION AND VENUE

2.       This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b).   This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

1

3.      Venue is proper in this judicial district because Defendant's place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

### III.     PARTIES

**<u>Plaintiff</u>**

4.      At all relevant times Plaintiff Adriana Cornejo, resided in and is domiciled in the State of Illinois and within this judicial district.

5.      At all relevant times, Plaintiff was employed by Defendant at its business each was Defendant's "employee" as defined by the FLSA, 29 U.S.C. §201 *et seq*., IMWL, 820 ILCS 105/1 *et seq*., and IWPCA, 820 ILCS 115/1 *et seq.*

6.      At all relevant times, Plaintiff was not exempt from the overtime and minimum wage provisions of the FLSA, 29 U.S.C. §207, and the IMWL, 820 ILCS 105/1 *et seq*.

**<u>Defendant</u>**

7.      Within the relevant time period, Defendant Titan Metals:

    a.  has been a corporation organized under the laws of the State of Illinois;

    b.  has had its principal place of business at 180 W. Lake Dr., Glendale Heights, Illinois, within this judicial district;

    c.  has conducted business in Illinois and within this judicial district;

    d.  has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

    e.  has had two (2) or more employees who have handled goods that moved in interstate commerce; and

f.    was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C.

§203(d), IMWL, 820 ILCS 105/3(c), and IWPCA 820 ILCS 115/2.

## IV.    FACTUAL BACKGROUND

8.    Plaintiff Adriana Cornejo worked at Titan Metals, Inc. from March of 2015 through December 11, 2015.

9.    Plaintiff was employed as a worker on Defendant's factory lines making metal parts for a wide variety of uses.

10.    From her date of hire until early of August of 2015, Plaintiff was paid at a rate of $8.25 per hour.

11.    Sometime in August of 2015, Plaintiff received a raise in pay to $8.50 per hour.

12.    From her date of hire in March of 2015 until on or about August 17, 2015, Plaintiff was paid weekly via check by Defendant for hours worked.

13.    No statement of any deductions was given to the Plaintiff with these checks.

14.    On information and belief, no deductions for taxes or other deductions were made from these checks.

15.    For this time period, from Plaintiff's date of hire until mid-August 2015, Plaintiff regularly worked over forty (40) hours in a workweek

16.    For this time period, from Plaintiff's date of hire until mid-August 2015, Plaintiff was not paid overtime at a rate of time and half her regular rate of pay for all hours worked over forty (40) hours in a workweek.

17.    In early August 2015, Plaintiff asked to see a record of the deductions from her pay check.

18.    Defendant responded by making payment by check and giving Plaintiff an

earning statement showing her rate, hours worked, overtime and deductions beginning with the August 17, 2015 pay period.

19.     On or about December 11, 2015, Plaintiff was terminated from employment with the Defendant.

20.     Defendant maintained a vacation policy as part of its compensation package for employees.

21.     During the course of employment with Defendant, Plaintiff did, in fact, accrue vacation pay.

22.     After her termination, Plaintiff was not compensated for accrued vacation time.

## V.     CLASS ACTION ALLEGATIONS

23.     Plaintiff will seek to certify classes action pursuant to Fed. R. Civ. P. Rule 23 for her state law claims for Illinois-mandated overtime wages (Count II) arising under the IMWL and for unpaid vacation pay arising under the IWPCA (Count III).

24.     The classes that Plaintiff seeks to represent are defined as:

a.   All individuals employed by Titan Metals, Inc. as an hourly employee and who worked over forty (40) hours in individual work weeks during the period of April 6, 2013 through the date of judgment ("IMWL Class"):

b.   All individuals whose employment with Titan Metals, Inc. as an hourly employee ended in the period of April 6, 2013 through the date of judgment ("IWPCA Class").

25.     Counts II and III are brought pursuant to Fed. R. Civ. P. Rule 23 (a) and (b) because:

a.   The classes are so numerous that joinder of all members is impracticable:

b. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant has employed over fifty (50) individuals in Illinois during the IMWL Class Period and over one hundred (100) individuals in Illinois during the IWPCA Class Period;

c. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

  i. Whether Defendant failed to pay Plaintiff and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period; and

  ii. Whether Defendant failed to pay Plaintiff and the Class for all accrued vacation pay as part of their final compensation during the IWPCA Class period.

d. Plaintiff will fairly and adequately represent and protect the interests of the Class members. Plaintiff's counsel is competent and experienced in litigating wage and hour and other employment class actions;

e. The class representative and the members of the IMWL Class have been equally affected by Defendant's failure to pay overtime wages pursuant to the IMWL, and the members of the IWPCA Class have been equally affected by Defendant's failure to compensate them the cash equivalent of their earned vacation as a part of their final wages;

f. The class representative, class members and Defendant have a commonality of interest in the subject matter and remedies sought and the class representatives are

5

able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendant, and the Court.

26.     Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
## Violation of the Fair Labor Standards Act- Overtime Wages
### Section 216(b) Collective Action

27.     Plaintiff incorporates and re-alleges paragraphs 1 through 26 of this Complaint, as though set forth herein.

28.     The matters set forth in this Count arise from Defendant's violation of the overtime provisions of the FLSA and described more fully in paragraphs 12-16, *supra*.

29.     In the three years prior to the filing of the lawsuit, Defendant suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during her employment with Defendant.

30.     In the three years prior to the filing of the lawsuit, Defendant likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendant in excess of forty (40) hours in individual work weeks but did not compensate them at least at the overtime wage rate of one and a half times her regular rate of pay for all time worked in excess of forty (40).

31.     Plaintiff and other similarly situated employees were not exempt from the overtime wage provisions of the FLSA.

32.     Plaintiff and other similarly situated employees were entitled to be compensated

at the rate of one and a half times their regular rate for all time worked in excess of forty (40) hours in an individual work week.

33.     Defendant violated the FLSA by failing to compensate Plaintiff and other similarly situated employees' overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

34.     Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiff filing this lawsuit because Defendant's violation was willful.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.  That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B.  A judgment in the amount of unpaid overtime wages for all the time Plaintiff and similarly situated employees worked in excess of forty (40) hours in individual work weeks for Defendant;

C.  Liquidated damages in the amount equal to the unpaid wages;

D.  That the Court declare the Defendant violated the FLSA;

E.  That the Court enjoin the Defendant from continuing to violate the FLSA;

F.  Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

G.  Such other further relief this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law- Overtime Wages**
***Class Action***

35.     Plaintiff incorporates and re-alleges paragraphs 1 through 34 of this Complaint, as though set forth herein.

36.     The matters set forth in this Count arise from Defendant's violation of the

overtime wage provision of the IMWL and described more fully in paragraphs 12-16, *supra*.

37. In the three years prior to the filing of the lawsuit, Defendant suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during her employment with Defendant.

38. In the three years prior to the filing of the lawsuit, Defendant suffered or permitted other similarly situated employees to work, and other similarly situated employees did in fact work, in excess of forty (40) hours in individual work weeks during their employment with Defendant.

39. Plaintiff and other similarly situated employees were not exempt from the overtime wage provisions of the IMWL.

40. Plaintiff and the IMWL Class were entitled to be compensated at the rate of one and a half times their regular rate for all time worked in excess of forty (40) hours in an individual work week.

41. Defendant violated the IMWL by failing to compensate Plaintiff and similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. That the Court determine that this action may be certified as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of unpaid overtime wages for all the time Plaintiff and the IMWL Class worked in excess of forty (40) hours in individual workweeks for Defendant;

C. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D. That the Court declare the Defendant violated the IMWL;

E. That the Court enjoin the Defendant from continuing to violate the IMWL;

F. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

G. Such other further relief this Court deems appropriate and just.

**COUNT III**
**Violation of the IWPCA – Failure to Pay Earned Vacation Pay**
*Class Action*

42. Plaintiff incorporates and re-alleges paragraphs 1 through 41 as though set forth herein.

43. This Count arises from Defendant's violation of the IWPCA, 820 ILCS 115/1 *et seq.*, for its failure to compensate Plaintiff and similarly situated terminated employees for all earned vacation pay as part of their final wages, as described more fully in paragraphs 20–22, *supra*.

44. At the time of her hire with Defendant and during her employment with Defendant, Plaintiff was subject to a vacation policy.

45. During the IWPCA class period, other similarly situated laborers contracted by Defendant were likewise subject to the same vacation policy.

46. Upon termination, an employee is entitled to receive the monetary equivalent of earned vacation pay as a part of his/her final compensation pursuant to the IWPCA. 820 ILCS 115/2 & 5, 56 Ill. Admin. Code §300.520.

47. Defendant's policy and practice of not paying for vacation accrued by Plaintiff and the class violated the IWPCA.

48. Plaintiff and the IWPCA Class are entitled to recover owed wages for a period of ten (10) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. That the Court determine that this action may be maintained as a class action

pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.    A judgment in the amount of the monetary equivalent of all accrued vacation due Plaintiff and the IWPCA Class as provided by the IWPCA;

C.    That the Court declare that Titan Metals, Inc.'s vacation policy violates the IWPCA by not treating vacation pay as vesting as labor is rendered and by causing a forfeiture of accrued vacation;

D.    That the Court enjoin Titan Metals, Inc. from violating the IWPCA in the future;

E.    Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 115/1 *et seq.*;

F.    Such other and further relief as this Court deems appropriate and just.


Dated: April 5, 2016


                                        */s/ Neil Kelley*
                                        Neil Kelley (ARDC #6306308)
                                        Christopher J. Williams (ARDC #6284262)
                                        Alvar Ayala (ARDC #6295810)
                                        Workers' Law Office, P.C.
                                        53 W. Jackson Blvd, Suite 701
                                        Chicago, IL 60604
                                        (312) 795-9121

                                        Attorneys for Plaintiff